IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 1 - 2008

Judge James B. Moran
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 205 |
| v. ) | |
| ) | Judge James B. Moran |
| JESUS GONZALEZ ) | |

## PLEA DECLARATION

The defendant, GERARDO RODRIGUEZ, after extensive consultation with his attorney, DANIEL J. HESLER, acknowledges and states the following:

1. He has been charged by indictment with unlawful reentry of a removed alien in violation of Title 8, United States Code, Sections 1326(a) (b)(2) and Title 6, United States Code, Section 202(4).

2. He has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged.

4. He will enter a voluntary plea of guilty to the indictment in this case.

1

Factual Basis

5. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, Mr. Gonzalez acknowledges that on or about February 27, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, an alien who had previously been deported and removed from the United States on or about June 28, 2002, was present and found in the United States without having previously obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security for permission to reenter the United States, in violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4).

More specifically, Mr. Gonzalez admits that he was born in Mexico and remains a citizen of Mexico. He first came to this country around 1971. He was deported on June 28, 2002. Subsequently, Mr. Gonzalez reentered the United States. He did not seek or obtain the authorization of the attorney general or the Secretary of the Department of Homeland Security before doing so. On February 28, 2008, he was present and found in this country.

Potential Penalties

6. Mr. Gonzalez understands that the understands that the charge carries a maximum incarceration sentence of two years with a potential sentencing enhancement up to 20 years based on prior convictions, and a maximum fine of $250,000. Mr. Gonzalez further understands that the charge carries a term of supervised release of not more than three years.

7. Mr. Gonzalez understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

Guidelines Calculations

8. For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994, it is Mr. Gonzalez's understanding that the following provisions may apply:

(a) Pursuant to Guideline §2L1.2(a), the base offense level for unlawfully entering the United States is level 8.

(b) A 16 level increase would be appropriate pursuant to Guideline § 2L1.2(b)(1)(A) if this Court determines that defendant was deported after a conviction for a felony drug trafficking offense for which the sentence imposed

3

exceeded 13 months.

(c) Mr. Gonzalez admits his guilt, is extremely remorseful for his crime, and accepts full responsibility for his actions. He understands that a 2 level reduction for acceptance of responsibility under §3E1.1 may apply, if this Court finds that he has in fact accepted responsibility for his actions.

(d) Furthermore, if the government determines that Mr. Gonzalez has accepted responsibility for his actions in a timely manner and makes a motion to the court, an additional 1 level reduction would be appropriate pursuant to §3E1.1(b).

(e) Mr. Gonzalez reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

Preliminary Nature of Calculations

9. Mr. Gonzalez and his attorney acknowledge that the above calculations are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Mr. Gonzalez understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

Trial Rights and Appellate Rights

11. Mr. Gonzalez understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that

defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

12. Mr. Gonzalez understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Gonzalez admits he is guilty and agrees that he should be found guilty. Mr. Gonzalez's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Gonzalez further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

13. Mr. Gonzalez understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Gonzalez further understands that he will be able to present evidence in mitigation for sentencing.

14. Mr. Gonzalez understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

15. Mr. Gonzalez understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Gonzalez understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

16. Should the judge refuse to accept Mr. Gonzalez's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept Mr. Gonzalez's plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

17. Mr. Gonzalez agrees that this Plea Declaration shall be filed and become part of the record of the case.

18. Mr. Gonzalez and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Gonzalez further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 31st day of April, 2008

_____
Jesus Gonzalez
Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Daniel J. Hesler
Attorney for Defendant

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8347

9